# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| **PAUL J. CONNALL,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **No.  1:22-CV-1381-RP** |
| **v.** | § | |
| | § | |
| **LARRY FRANKLIN,** | § | |
| *Defendant* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Paul J. Connall's Application to Proceed *In Forma Pauperis.* Dkt. 2. Because Connall is requesting permission to proceed in forma pauperis, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Connall's financial affidavit and determined that Connall is indigent and should be granted leave to proceed *in forma pauperis.* Accordingly, the Court hereby GRANTS Connall's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees

or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Connall is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Connall's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Connall has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Connall complains of "destruction of my personal property" and property that was "thrown away" and "lost" by "Larry Franklin" in his individual capacity. Connall requests $50,000 in damages from Franklin for the property and $50,000 for his civil rights complaint against Franklin. Connall fails to identify who Franklin is, or exactly how Franklin destroyed his property; however, he provides a far-ranging list of property including gold jewelry worth "24K," an iphone, clothes, legal books, blankets, and Tupperware. Dkt. 1, at 4-5. On the civil cover sheet, he alleges federal question and non-prisoner civil rights. Dkt. 1-1, at 1. However, a review of other cases Connall has filed in the Austin Division of the Western Division of Texas shows he was recently released from state confinement in a privately operated halfway house.

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.*

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). To prevail in a § 1983 claim, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). In this case, Connall has failed to plead that Franklin was a state actor and failed to plead that the alleged destruction of his property qualifies as a constitutional violation.

However, assuming Franklin is a state actor, Connall's claims that his property was "trashed" and "lost" by Franklin also fail. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Under the *Parrat/Hudson* doctrine, a random and unauthorized deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (discussing the Supreme Court's decisions in *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and

4

explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers") Thus, in challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35; *Myers*, 97 F.3d at 94. "Texas law provides an adequate post-deprivation remedy for property loss [by prisoners as a result of acts] by prison employees through the administrative grievance process and through the court system." *Dye v. Ambriz*, 168 F. App'x 638, 639 (5th Cir. 2006) (citing Tex. Gov't Code §§ 501.007, 501.008; *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. App.—Tyler 1996, writ denied)).

Because Texas provides an adequate post-deprivation remedy, Connall's claims concerning the taking of his personal property do not rise to a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.) Thus, even if Franklin qualifies as a state actor, Connall's claims concerning the loss of his personal property fail to state a claim of a violation of a constitutional right, and are properly dismissed as frivolous.

## III.    ORDER AND RECOMMENDATION

The Magistrate Court hereby **GRANTS** Connall's Application to Proceed *In Forma Pauperis*. Dkt. 2. The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Connall's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The referral of this case to the Magistrate Court should now be canceled.

## IV.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 17, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE